IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


TYREE W. BROWN, Individually and as the
Statutory Heir and Wrongful Death Beneficiary
of CHESTER BROWN and LESTER BROWN                              PLAINTIFF


VS.                              CIVIL ACTION NO. 3:09–cv–296–WHB–LRA


ILLINOIS CENTRAL RAILROAD COMPANY, INC.,
a/k/a CANADIAN NATIONAL RAILROAD, and
THE DOW CHEMICAL COMPANY                                       DEFENDANTS


OPINION AND ORDER

This cause is before the Court on several motions filed by the parties in the above referenced civil action. As Plaintiff is proceeding in this case *pro se*, the allegations in his pleadings have been liberally construed. See *e.g.* Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993). Having considered the Motions, Responses, Rebuttals, attachments to the pleadings, as well as supporting and opposing authorities, the Court finds:

Plaintiff's Motions to Vacate, for Joinder, and to Remand are not well taken and should be denied.

The Motion of Defendant, Illinois Central Railroad Company, Inc., for Summary Judgment is well taken and should be granted.

The Motion of Defendant, The Dow Chemical Company, for Summary Judgment is well taken and should be granted.

Plaintiff's Motion for Summary Adjudication on the Pleadings or for Judgment on the Pleadings is not well taken and should be denied.

Plaintiff's Motion for Order to Cease and Desist Against Defendant, Illinois Central Railroad Company, Inc., should be denied as moot.

Plaintiff's Motion for an Expedited Scheduling Hearing should be denied as moot.

## I.  Factual Background and Procedural History

The above referenced lawsuit was filed by Plaintiff, Tyree Brown ("Brown"), on April 14, 2009.  Although the lawsuit was filed in 2009, a review of the prior lawsuits filed by Brown and/or his family members is required to properly address the motions now pending before the Court.

In June of 1980, Vestra and Carolyn Brown filed a lawsuit arising from the alleged wrongful death of Calvin Brown.  The lawsuit was filed in the Circuit Court of the First Judicial District of Hinds County, Mississippi, and was docketed as <u>Carolyn Brown and Vestra Brown, et al. v. Sonford Products and Dow Chemical Co.</u>, Civil Action No. 26,606 ("State Civil Action No. 26,606").  The lawsuit was eventually settled, and final judgment was entered on July 31, 1986.  According to the record, Brown and his family attempted, on at least one occasion, to vacate the judgment in

State Civil Action No. 26,606, arguing that the settlement underlying that judgment was fraudulent, and that Vestra Brown lacked capacity to enter the settlement agreement. The motion to vacate was denied by the Hinds County Circuit Court on April 8, 1994, and the denial of that motion was affirmed by the Mississippi Court of Appeals. See Brown v. The Dow Chem. Co., No. 94-CA-496, slip. op. (Miss. Ct. App. July 2, 1996).

On February 11, 1986, Brown and his father, Willie Brown, filed a lawsuit in federal court arising out of the alleged wrongful death of Calvin Brown. The case was docketed as Brown v. The Dow Chemical Co., Civil Action No. J86-114 ("Federal Civil Action No. J86-114"), and was assigned to United States District Judge Henry T. Wingate. The case was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on the plaintiffs' repeated failures to respond to motions and discovery. Thereafter, the plaintiffs filed a motion seeking to vacate the judgment of dismissal. The motion to vacate was denied by Judge Wingate, and the appeal of that denial (Appeal No. 87-4790) was dismissed by the United States Court of Appeals for the Fifth Circuit for lack of prosecution.

In 1988, Brown and his father filed a second lawsuit in federal court again arising out of the alleged wrongful death of Calvin Brown. This case was docketed as Brown v. The Dow Chemical Co., Civil Action No. J88-456 ("Federal Civil Action No. J88-456"),

and was assigned to Judge Wingate. On or about March 29, 1989, a final judgment was entered by which all of the Browns's claims were dismissed on the grounds that they were barred by the applicable statute of limitations. See Brown v. The Dow Chem. Co., 777 F. Supp. 504 (S.D. Miss. 1989). The decision of the district court was affirmed on appeal. See Brown v. The Dow Chem. Co., 889 F.2d 272 (5th Cir. 1989).

In 1994, Brown and his father filed a Petition for Writ of Mandamus in the United States Court of Appeals for the Fifth Circuit in connection with Federal Civil Action Nos. J86-114 and J88-456. Through their Petition, which was docketed in the appellate court as No. 94-60125, the Browns requested that the district court be compelled to enter an order requiring the defendants to pay them $130,000,000 in damages. The Petition was denied by the Fifth Circuit on May 4, 1994. See In re Brown, No. 94-60125, slip op. (5th Cir. May 4, 1994).

In 1994, Brown and his father also filed a lawsuit in the Circuit Court of the First Judicial District of Hinds County Mississippi, where it was docketed as Brown v. Cleve McDowell, Esq., and The Dow Chemical Co., Civil Action No. 251-94-345, and assigned to Circuit Judge James E. Graves, Jr. The case was dismissed on the grounds of res judicata and collateral estoppel on November 23, 1994.

On January 17, 2001, Brown filed another lawsuit against The Dow Chemical Company ("Dow Chemical") in this Court on behalf of himself and his family members Vestra Brown, Keith Brown, and Antonio Brown. The case was docketed as Brown v. The Dow Chemical Co., Civil Action No. 3:01-cv-27 ("Federal Civil Action No. 3:01-cv-27"), and was assigned to United States District Judge Tom S. Lee. Through the complaint, Brown and his family sought to recover damages for personal injuries they allegedly sustained after being exposed to pentachlorophenol that was manufactured and/or sold by Dow Chemical. The lawsuit was dismissed by Judge Lee on April 1, 2002, upon a finding that Brown had failed to show a fact question existed on the issue of causation. Brown's motion to vacate the final judgment entered by Judge Lee was later denied. On appeal, the Fifth Circuit affirmed both the dismissal of Brown's lawsuit and the denial of his motion to vacate. See Brown v. The Dow Chem. Co., No. 02-60412, slip op. (5th Cir. Jan 10, 2003). On April 13, 2006, Judge Lee denied Brown's "Motion for Reconsideration: To Vacate, Amend, Join, Consolidate and Remand."

On March 11, 2005, Brown filed another lawsuit against Dow Chemical in the Circuit Court of Rankin County, Mississippi, seeking to recover damages based on personal injuries he allegedly sustained after being exposed to pentachlorophenol that had been manufactured and/or sold by Dow Chemical. The lawsuit was removed to this Court, was docketed as Brown v. The Dow Chemical Co., Civil

Action No. 3:05-cv-241 ("Federal Civil Action No. 3:05-cv-241"),
and was assigned to the undersigned judge. The case was dismissed
on August 15, 2005, on the basis of res judicata. The decision of
this Court was affirmed on appeal. <u>See</u> <u>Brown v. The Dow Chem. Co.</u>,
No. 05-60947, slip op. (5th Cir. Jul. 19, 2006).

On April 14, 2009, Brown filed the lawsuit that is presently
before the Court against Dow Chemical and Illinois Central Railroad
Company, Inc. ("ICR") in the Circuit Court of Rankin County,
Mississippi. In his Complaint, Brown alleges that he and his
family were exposed to certain chemicals, including but not limited
to, dioxin, pentachlorophenol, and sodium pentachlorophenol, and
that this exposure caused him to develop recurrent prostate cancer
as well as various psychological problems, and cause the premature
birth and subsequent death of two of his children. Brown further
alleges that defendant, Dow Chemical, manufactured and/or sold the
chemicals to which he and his family were exposed, and that
defendant, IRC, transported the chemicals on or near his property.

The case was timely removed to this Court on the basis of
diversity of citizenship jurisdiction. Both IRC and Dow Chemical
filed motions seeking to dismiss or, alternatively, for summary
judgment on Brown's claims. <u>See</u> Docket Nos. 7 & 10 and 24 & 26,
respectively. On August 3, 2009, the Court entered Orders denying
Brown's motion seeking to vacate the judgment that had been entered
by Judge Wingate in Federal Civil Action No. J88-456, and granting

Brown additional time in which to respond to the motions to dismiss and/or for summary judgment that had been filed by the defendants. See Orders [Docket Nos. 30 & 31].  In addition to responding to the motions filed by the defendants, Brown filed motions to vacate, for joinder, to remand, and for judgment on the pleadings.  The Court now addresses the motions pending before it.

## II.  Discussion

### A.  Plaintiff's Motions to Vacate, for Joinder, and to Remand

Through his motion to vacate, Brown first requests that this Court vacate the judgment that was entered by the Hinds County Circuit Court on July 31, 1986, which dismissed State Civil Action No. 26,606.  In support of his motion, Brown argues that the state court judgment should be vacated because "the state court acted in a manner that was inconsistent[] with due process of the law, because the authorization to settle in the state court [the] wrongful death claim was executed while the administratrix of the Estate of Calvin W. Brown, Deceased; Vestra R. Brown, our biological mother was incapacitated."  See Mot. to Vacate and Remand [Docket No. 34], at 3.

The Court finds that it lacks authority to vacate the judgment that was entered by the Hinds County Circuit Court in State Civil Action No. 26,606.  Succinctly, under the Rooker-Feldman doctrine, which derives its name from the United States Supreme Court cases

7

of <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), inferior federal courts are barred from exercising appellate review over state court decisions.  <u>See</u> <u>In re Erlewine</u>, 349 F.3d 205, 209 (5th Cir. 2003).  As explained by the Fifth Circuit:

> The Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.  If a state trial court errs, the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

<u>Union Planters Bank Nat'l Assn. v. Salih</u>, 369 F.3d 457, 462 (5th Cir. 2004) (alterations in original) (citations omitted).  The record shows that the Hinds County Circuit Court entered final judgment in State Civil Action No. 26,606, on July 31, 1986.  Under the Rooker-Feldman doctrine, this Court has no authority to review, modify, or vacate that judgment.  Additionally, both the Hinds County Circuit Court and the Mississippi Court of Appeals have considered and rejected Brown's argument that the judgment in State Civil Action No. 26,606, should be vacated because Vestra Brown lacked capacity to settle the wrongful death claim brought in that lawsuit.  <u>See</u> IRC Mot. to Dismiss [Docket No. 7], Ex. F (Tr. of Apr. 8, 1994, hearing denying Brown's motion to vacate in State Civil Action No. 26,606); <u>Brown v. The Dow Chem. Co.</u>, No. 94-CA-496, slip. op. (Miss. Ct. App. July 2, 1996).  Under the Rooker-

Feldman doctrine, this Court cannot review, modify, or vacate, the orders/judgments entered by the state courts on the issue of whether the judgment in State Civil Action No. 26,606, should be vacated based on Vestra Brown's purported incapacity. For these reasons, the Court finds that Brown's motion to vacate the judgment entered in State Civil Action No. 26,606, should be denied.

Next, Brown argues that as priority jurisdiction was vested, pursuant to Mississippi Code Annotated Section 11-7-13, in the Hinds County Circuit Court with the filing of State Civil Action No. 26,606, the federal courts in which his later lawsuits were filed lacked subject matter jurisdiction to hear his claims. Brown, therefore, argues that the judgments entered in Federal Civil Action Nos. J86-114, J88-456, 3:01-cv-27, and 3:05-cv-241 should be vacated as void under Rule 60(b)(4) of the Federal Rules of Civil Procedure because the federal district courts lacked subject matter jurisdiction.

Under the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment if the judgment is void. See FED. R. CIV. P. 60(b)(4). The Fifth Circuit has recognized that a judgment may be vacated as void under Rule 60(b)(4) "if the initial court lacked subject matter or personal jurisdiction." See Carter v. Fenner, 136 F.3d 1000, 1006 (5th Cir. 1998). The Court finds there has been no showing that the district courts lacked subject matter jurisdiction in any of the federal civil actions cited by

Brown.  First there has been no showing that the exclusivity provision of Mississippi Code Annotated Section 11-7-13 divests the federal district courts of its statutory authority to hear cases predicated on diversity jurisdiction.  Second, there has been no showing that the district courts lacked diversity jurisdiction in any of the federal civil actions cited by Brown.  On this issue, Brown argues that there was no diversity of citizenship in Federal Civil Action J86-114 because Vestra Brown and Sonford Product Corporation, which later intervened in the case, were both citizens of Mississippi.  <u>See</u> Mot. to Vacate and Remand, at 5-6.  The Fifth Circuit, however, has recognized that the presence of additional parties [such as intervenors] ... does not of itself destroy jurisdiction already established." <u>Ruiz v. Estelle</u>, 161 F.3d 814, 832-33 (5th Cir. 1998) (citing <u>Wichita R. & Light Co. v. Public Utilities Comm'n of State of Kansas</u>, 260 U.S. 48 (1922) ("Jurisdiction once acquired on that ground [diversity of citizenship] is not divested by a subsequent change in the citizenship of the parties....  Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties.")).  As there has been no showing that the district court lacked diversity jurisdiction when Federal Civil Action No. J88-114 was originally filed, and there has been no showing that the district courts lacked diversity jurisdiction

in Federal Civil Action Nos. J88-456, 3:01-cv-27, and/or 3:05-cv-241, when those cases were originally filed, the Court finds no basis for concluding that the district courts lacked subject matter jurisdiction to hear any of the federal civil actions cited by Brown.  Third, the Court finds that even if the district courts lacked subject matter jurisdiction in Federal Civil Action Nos. J86-114, J88-456, 3:01-cv-27, and/or 3:05-cv-241, the judgments in those cases cannot now be vacated as void under Rule 60(b)(4).  As explained by the Fifth Circuit in <u>United States v. Hansard</u>, No. 07-30090, 2007 WL 2141950, at *1 (5th Cir. Jul. 26, 2007):

> A district court's exercise of subject-matter jurisdiction, even if erroneous, is *res judicata* and is not subject to collateral attack through Rule 60(b)(4) if the party seeking to void the judgment had the opportunity previously to challenge jurisdiction and failed to do so.  <u>See</u> <u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702 n.9 (1982); <u>Picco v. Global Marine Drilling Co.</u>, 900 F.2d 846, 850 (5th Cir. 1990) (where party had notice of order in question and opportunity to challenge jurisdiction on appeal, but did not do so, holding he was "barred from challenging ... jurisdiction in a Rule 60(b)(4) proceeding").

In the present case, there has been no showing that Brown ever challenged the issue of whether the district courts lacked subject matter jurisdiction to hear any of the cases that were decided in federal court.  Accordingly, Brown is now barred from challenging the issue of subject matter jurisdiction through a Rule 60(b)(4) motion to vacate.  For each of the three reasons discussed above, the Court finds that Brown's motion to vacate the judgments entered

in Federal Civil Action Nos. J86-114, J88-456, 3:01-cv-27, and 3:05-cv-241 should be denied. The Court additionally finds, as there is no grounds for vacating the prior judgments that were entered by the district courts in the above referenced federal civil actions, that Brown's request to join all of the claims alleged therein into one consolidated proceeding, should likewise be denied.

Finally, Brown seeks to have his present case remanded to state court for lack of jurisdiction. On this issue, the record shows that Brown filed his most recent lawsuit in the Circuit Court of Rankin County, Mississippi, on April 14, 2009. The case was timely removed to this Court on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Under this statute, federal district courts have original jurisdiction over cases in which the plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000. For the purpose of diversity analysis in this case, Brown is a Mississippi citizen; defendant Dow Chemical is a corporate citizen of Delaware, and has its principal place of business in Michigan; and defendant IRC is a corporate citizen of, and has its principal place of business in, the State of Illinois. On the issue of the amount in controversy, the record shows that Brown is seeking $120,000,000 in compensatory damages. As Brown's citizenship is diverse from that of both defendants, and as Brown seeks to recover

more than $75,000 in damages, the Court finds that the requirements of Section 1332 are satisfied, and that it may properly exercise subject matter jurisdiction in this case. Accordingly, the Court finds that Brown's motion to remand should be denied.

## B.   Motions to Dismiss, for Summary Judgment, and for Judgment on the Pleadings

On June 5, 2009, IRC filed a motion to dismiss or, in the alternative, for summary judgment on Brown's claims. In support of its motion, IRC argues: (1) the complaint fails to state a plausible negligence claim; (2) Brown's claims are preempted by the Interstate Commerce Commission Termination Act; (3) Brown's claims are barred by the statute of limitations; (4) Brown's claims are based on false allegations; and (5) Brown's claims are barred by the doctrine of collateral estoppel. See IRC Mot. to Dismiss [Docket No. 7]. On July 2, 2009, Dow Chemical likewise filed a motion to dismiss or, in the alternative, for summary judgment. In support of this motion, Dow Chemical argues: (1) the complaint fails to state any plausible claims; (2) Brown's claims are barred by the statute of limitations; and (3) Brown's claims are barred by the doctrine of res judicata. See Dow Chemical Mot. to Dismiss [Docket No. 24]. On September 11, 2009, Brown filed a motion for summary adjudication of liability or motion for judgment on the pleadings. In support of this motion, Brown argues that he:

> [F]irst learned for a fact, confirming an earlier belief,
> of the alleged illegal off-site dumping of
> pentachlorophenol and sodium pentachlorophenol, that
> produced dioxin and furans; and exposure to pesticides
> diedrin and heptachlor epoxide; after having received a
> copy of the December 8, 2008, "Evaluation of Off-Site
> Surface Soil Data from Adjacent Residential Properties of
> Sonford Products Sites at 3506 Payne Drive in Flowood,
> Mississippi from 1972-1985" by the United States
> Department of Health and Human Services, Agency for Toxic
> Substances and Disease Registry; EPA Facility ID:
> MSD086556388.

Pl.'s Mot. for Summ. Adjudication [Docket No. 41], at 3. Brown

further argues that the "ultra hazardous" chemicals listed in the

paragraph above:

> [A]re the nexus of and causable factors or causative
> linked directly to his cancer; and he now seeks damages
> for his additional disabilities and injuries of non-
> curable recurrent prostate cancer diagnosed on January
> 14, 2009; and for recurrent major depression secondary to
> prostate cancer; and recurrent PTSD secondary to his
> recurrent prostate cancer; schizophrenia; loss of use of
> reproductive organ secondary to recurrent prostate cancer
> treatment; impotency secondary to prostate cancer;
> urinary incontinence secondary to his prostate cancer
> treatment diagnosed on January 15, 2008.

Id. at 3-4. As all of the parties have attached exhibits to their

respective motions, and upon finding that these exhibits should be

considered when deciding the issues presently before the Court, the

Court will decide the parties' motions using a summary judgment

analysis. See e.g. Partridge v. Two Unknown Police Officers of

City of Houston, Tex., 791 F.2d 1182, 1189 (5th Cir. 1986)(holding

that "when the trial court considers matters outside the pleadings,

[a] motion to dismiss should be treated as a motion for summary

judgment.").

**1.  Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>see also</u>, <u>Moore v. Mississippi Valley State Univ.</u>, 871 F.2d 545, 549 (5th Cir. 1989); <u>Washington v. Armstrong World Indus.</u>, 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  <u>Celotex</u>, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  <u>Id.</u>  As to issues on which the non-moving party

has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

## 2.  Discussion

IRC and Dow Chemical have moved for summary judgment on the grounds that Brown's claims are barred by the applicable statute of limitations.  Reading his complaint liberally, it appears that Brown is alleging claims of negligence, strict liability, and wrongful death.  Under Mississippi law, each of these claims is governed by a three-year statute of limitations.  See MISS. CODE ANN.

§ 15-1-49(1) (providing: "All actions for which no other period of
limitation is prescribed shall be commenced within three (3) years
next after the cause of such action accrued, and not after."). See
also Barnes v. Koppers, Inc., 534 F.3d 357, 359 (5th Cir. 2008)
(recognizing that "[m]ost Mississippi tort claims are governed by
a three-year statute of limitations.").

In support of their motions for summary judgment, IRC and Dow
Chemical argue that because all of the injuries about which Brown
complains were diagnosed and/or occurred more than three years
before his most recent lawsuit was filed, all of his claims are
time barred.  Specifically, the defendants argue that as Brown's
own exhibits and pleadings show that he was originally diagnosed
with prostate cancer sometime in 2003,[1] was diagnosed with
schizophrenia and Post Traumatic Stress Disorder ("PTSD") in 2002,[2]
was diagnosed with depression in 1984,[3] and that his infant sons
died in March of 1976,[4] but his lawsuit was not filed until April

---

[1]  See Pl.'s Mot. for Summ. Adjudication [Docket No. 41],
Exs. (Letter from Dr. L. Lines).

[2]  See Pl.'s Mot. for Summ. Adjudication [Docket No. 41],
Exs. (Letter from Dr. Euphemie Brown).  See also Supplement
[Docket No. 52] Medical Record Affidavit dated August 17, 2009
(Report of Psychological Evaluation by Dr. J. Tramontana
indicating that Brown was diagnosed with PTSD and schizophrenia
in May of 2002).

[3]  See Pl.'s Mot. for Summ. Adjudication [Docket No. 41],
Exs. (Letter from Dr. Euphemie Brown).

[4]  See Pl.'s Reply to Mots. to Dismiss [Docket No. 40], 3.

14, 2009, that his negligence, strict liability, and wrongful death claims are barred by the applicable three-year statute of limitations.

Brown does not dispute that his claims are governed by a three-year statute of limitations. Brown, however, argues that the applicable statute of limitations did not begin to run until December 8, 2008, when he received a copy of the "Evaluation of Off-Site Surface Soil Data from Adjacent Residential Properties; Sonford Product Site", that had been published by the Department of Health and Human Services, which confirmed his earlier belief that he had been exposed to chemicals including pentachlorophenol, sodium pentachlorophenol, dioxin, furans, dieldrin, heptachlor epoxied, and that this exposure caused the personal injuries about which he complains as well as the deaths of his stillborn sons.

The Court finds that Brown's argument, that is the applicable statute of limitations does not begin to run until an injured party discovers the cause of the injury, was considered and rejected by the Fifth Circuit in <u>Barnes v. Koppers, Inc.</u>, 534 F.3d 357 (5th Cir. 2008). In <u>Barnes</u>, the decedent had been diagnosed with breast cancer on June 13, 1997. Based on the date of diagnosis, the defendant argued that the plaintiff's claims, including negligence, were barred by the applicable three-year statute of limitations. The plaintiff, however, argued that the statute of limitations did not begin to run until she knew of both the injury and its cause,

and that she did not know of the cause until "her attorney's investigation first uncovered the alleged link between ... emissions [from the defendant's plant] and her mother's cancer. Id. at 360.

Rejecting the plaintiff's argument, the Fifth Circuit first reasoned that "[t]he firmest rebuke to this interpretation is the language of the statute itself, which refers only to discovery of the injury, not to discovery of its cause." Id. at 360. The Fifth Circuit then discussed several Mississippi cases including Owens-Illinois, Inc. v. Edwards, 573 So. 2d 704 (Miss. 1990), in which the Mississippi Supreme Court stated, albeit in *dicta*:

> The cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease .... Though the cause of the injury and the causative relationship between the injury and the injurious act or product may also be ascertainable on this date, these factors are not applicable under § 15-1-49(2), as they are under MISS. CODE ANN. § 15-1-36.

Barnes, 534 F.3d at 360 (quoting Edwards, 573 So. 2d at 709). Following its analysis, the Fifth Circuit succinctly held: "Under § 15-1-49, a cause of action accrues when the plaintiff has knowledge of the injury, not knowledge of the injury and its cause." Id. at 361.

Under Barnes, the Court finds that the negligence, strict liability, and wrongful death claims alleged by Brown in his complaint accrued when he first had knowledge of his personal injuries and the deaths of his stillborn sons. Here, the record

19

shows that Brown had knowledge of his prostate cancer in 2003, had knowledge of his diagnoses of PTSD and schizophrenia in 2002, had knowledge of his diagnosis of depression in 1984, and had knowledge of the death of his sons in 1976. As such, under Mississippi law he had three years from each of these dates to bring negligence, strict liability, and wrongful death claims. As Brown's most recent lawsuit was not filed until August of 2009, the Court finds that all of the claims he alleges in the Complaint are time barred and, therefore, IRC and Dow Chemical are entitled to summary judgment in this case. Accordingly, the Court will grant the motions of Defendants IRC and Dow Chemical for summary judgment, and deny Brown's motion for summary adjudication of liability and for judgment on the pleadings.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motions to Vacate, for Joinder, and to Remand [Docket Nos. 34 & 35] are hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant, Illinois Central Railroad Company, Inc., to Dismiss [Docket No. 7] is hereby denied, and the Motion of Defendant, Illinois Central Railroad Company, Inc., for Summary Judgment [Docket No. 10] is hereby granted.

IT IS FURTHER ORDERED that the Motion of Defendant, The Dow Chemical Company, to Dismiss [Docket No. 24] is hereby denied, and the Motion of The Dow Chemical Company, for Summary Judgment [Docket No. 26] is hereby granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Adjudication on the Pleadings or for Judgment on the Pleadings [Docket No. 41] is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order to Cease and Desist [Docket No. 45] and his Motion for an Expedited Scheduling Hearing [Docket NO. 46] are hereby denied as moot.

A Final Judgment dismissing this case with prejudice shall be entered.

SO ORDERED this the 30th day of October, 2009.


s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE