IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TYREE W. BROWN, Individually and as the
Statutory Heir and Wrongful Death Beneficiary
of CHESTER BROWN and LESTER BROWN                           PLAINTIFF

VS.                                CIVIL ACTION NO. 3:09-cv-296-WHB-LRA

ILLINOIS CENTRAL RAILROAD COMPANY, INC.,
a/k/a CANADIAN NATIONAL RAILROAD, and
THE DOW CHEMICAL COMPANY                                    DEFENDANTS

OPINION AND ORDER

This cause is before the Court on four pending Motions.
Having considered the pleadings,[1] the attachments thereto, as well
as supporting and opposing authorities, the Court finds:

Plaintiff's "Notice of Application and Application to Set
Aside Final Judgment; For Judgment on the Pleadings or Summary
Adjudication on Liability on it's Merits" is not well taken and
should be denied.

Plaintiff's "Notice of Application and Application for
Injunctive Relief" should be dismissed on the grounds that this
civil action is closed.

The Motions of Defendants for Rule 11 Sanctions should be
granted only to the extent that Plaintiff will be barred from
filing any other motions, applications, or other pleadings in this

---

[1]    As Plaintiff is proceeding pro se, the allegations in
his pleading have been liberally construed.  See United States v.
Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

civil action without prior approval from a United States District or Magistrate Judge.

## I.  Factual Background and Procedural History

In 2009, Tyree W. Brown ("Brown") filed this lawsuit claiming that he and his family had been exposed to certain chemicals, including but not limited to, dioxin, pentachlorophenol, and sodium pentachlorophenol, which had been dumped near their home in Rankin County, Mississippi.  Brown further claimed that the exposure had caused him to develop prostrate cancer and psychological problems, and had caused the premature stillborn birth of his sons, Chester and Lester Brown.  Brown's lawsuit was brought against The Dow Chemical Company ("Dow Chemical"), the purported manufacturer of the chemicals, and Illinois Central Railroad Company, Inc. ("ICR"), which had allegedly transported the chemicals to the site.  Brown sought damages totaling over $120,000,000 on Mississippi state law claims of strict liability, negligence, and wrongful death.

The matter came before the Court on motions for summary judgment.  In deciding the motions, the Court held that all of Brown's state law claims were governed by a three-year statute of limitations, which began to run on the date on which he had knowledge of the injuries about which he complained.  See Opinion and Order [Docket No. 53], 16-17, 18-19.  After considering the evidence, the Court found there was no dispute that "Brown had

2

knowledge of his prostate cancer in 2003, had knowledge of his diagnoses of PTSD and schizophrenia in 2002, had knowledge of his diagnosis of depression in 1984, and had knowledge of the death of his sons in 1976." Id. at 19-20.  Applying the undisputed facts to the applicable law, the Court held:

> [U]nder Mississippi law, [Brown] had three years from each of these dates to bring negligence, strict liability, and wrongful death claims.  As Brown's most recent lawsuit was not filed until August of 2009, the Court finds that all of the claims he alleges in the Complaint are time barred and, therefore, IRC and Dow Chemical are entitled to summary judgment in this case.

Id. at 20.  A Final Judgment dismissing the case was entered on October 30, 2009.

The matter came back before the Court on Brown's Motion to Alter or Amend the Final Judgment.  In deciding this Motion, the Court did not consider Brown's arguments regarding whether the applicable statute of limitations was tolled, or whether his state law claims were preempted and/or timely under Section 309 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCA"), because these arguments were raised for the first time in the rebuttal to the Motion to Alter or Amend.  See Opinion and Order [Docket No. 71], 5-8 (citing Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005)(explaining that motions to alter or amend under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued."); LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005)("A motion for

reconsideration may not be used to rehash rejected arguments or introduce new arguments.")).  Brown's Motion to Alter or Amend was denied on January 5, 2010.  Id.  On January 7, 2019, Brown filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit.

Shortly after the Notice of Appeal was filed, Brown filed a Motion for Relief from Judgment in this Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which was denied. See Opinion and Order [Docket No. 78].  Brown thereafter amended his Notice of Appeal to include the denial of his Motion for Relief from Judgment.  See Amended Notice [Docket No. 80].  The decisions of this Court were affirmed on appeal.  See Brown v. Illinois Cent. R. Co., 480 F. App'x 753 (5th Cir. 2010).  Brown's subsequent Petition for Rehearing that he filed with the Fifth Circuit, and the Petition for Writ of Certiorari he filed with the United States Supreme Court were both denied.  See Brown v. Illinois Cent. R. Co., Appeal No. 10-60016, slip. Orders (5th Cir. Jan. 19, 2011) and (5th Cir. June 28, 2011).

On or about March 31, 2015, Brown filed the Application to Set Aside Final Judgment that is presently before the Court.  Brown has also moved for a Judgment on the Pleadings, for Summary Adjudication of Liability, and for injunctive relief.  In addition to responding to Brown's Motions, Dow Chemical and IRC have moved for sanctions.  The Court now considers all of these motions.

4

## II. Discussion

### A. Brown's Motions

In his Motion to Set Aside Final Judgment, Brown argues that the Opinion and Order of this Court by which his claims were dismissed as time-barred "was grossly in error." <u>See</u> Mot. to Set Aside [Docket No. 88], 3. In support of this claim, Brown argues that the Mississippi state statute of limitations should not have been applied to his claims because the "CERCA tolling limitation provision under 42 U.S.C. § 9658 [preempts] the state statute of limitations." <u>Id.</u> at 4. Brown further argues that his personal injury and wrongful death claims were timely filed under the applicable CERCA provisions.

Brown first seeks to vacate the Final Judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure, which permits a court to "relieve a party ... from a final judgment" in cases in which "the judgment is void". "A judgment is void for purposes of Rule 60(b)(4) if the court that rendered it entered an order outside its legal powers." <u>Carter v. Fenner</u>, 136 F.3d 1000, 1005 (5th Cir. 1998). Thus, relief may be granted under Rule 60(b)(4) only in cases in which subject matter or personal jurisdiction was lacking, or in cases in which "the district court acted in a manner so inconsistent with due process as to render the judgment void." <u>Callon Petroleum Co. v. Frontier Ins. Co.</u>, 351 F.3d 204, 210 (5th Cir. 2003). Here, there has been no showing that the Court lacked

5

jurisdiction over the case or the parties.  Additionally, the record shows that Brown had notice of the motions for summary judgment that were filed by the defendants in this case, and he was granted ample opportunity to respond to those motions.  Under these circumstances, the Court finds Brown has failed to show that the Final Judgment entered in this case is void.  Accordingly, his request for relief under Rule 60(b)(4) is denied.

Next, Brown seeks to vacate the Final Judgment under Rule 60(b)(6), which permits a court to "relieve a party ... from a final judgment" for "any other reason that justifies relief."  The Fifth Circuit has held that Rule 60(b)(6) cannot be used if the grounds for seeking relief fall within one of the other enumerated clauses of that Rule.  See e.g. Transit Cas. Co. v. Security Trust Co., 441 F.2d 788, 792 (5th Cir. 1971)(explaining that "[t]he reason for relief set forth in Rule 60(b)(1) cannot be the basis for relief under Rule 60(b)(6).").  See also Baily v. Ryan Stevedoring Co., Inc., 894 F.2d 157, 160 (5th Cir. 1990)("[Rule 60(b)(6)] cannot be invoked when relief is sought under one of the other grounds enumerated in Rule 60.");  Smith v. United States Postal Serv., 275 F. App'x 447, 448 (5th Cir. 2008)("[Relief under Rule 60(b)(6) is not available if the motion is premised upon an enumerated ground found in clauses [Rule 60(b)](1) through (5).").

Here, Brown seeks relief under Rule 60(b)(6) on a claim that the Court erred by applying a state law statute of limitations to

his personal injury/wrongful death claims.  As the occurrence of a "mistake" is one of the grounds for relief under Rule 60(b)(1), <u>see</u> FED. R. CIV. P. 60(b)(1)(providing that the court may "relieve a party ... from a final judgment" on the grounds of "mistake"), Brown cannot use the alleged mistake as a basis for seeking relief under Rule 60(b)(6).  <u>See Transit Cas. Co.</u>, 441 F.2d at 788; <u>Baily</u>, 894 F.2d at 160; <u>Smith</u>, 275 F. App'x at 448.  Additionally, Brown cannot seek relief under Rule 60(b)(1) because motions seeking relief under that Rule must be filed within one year of the date on which judgment is entered.  <u>See</u> FED. R. CIV. P. 60(c)(providing that a motion to vacate judgment for the reasons set forth in Rule 60(b)(1), (2), and (3) must be filed "no more than a year after the entry of the judgment ...").  As it is clear that Brown's current Motion for Relief from Judgment was filed more than one year after the date on which Final Judgment was entered, a motion for relief under Rule 60(b)(1) would clearly be time-barred.  For these reasons, Brown's request for relief under Rule 60(b)(1) and/or (6) is denied.

Finally, Brown seeks to vacate the Final Judgment entered in this case under Rule 60(d), which provides:

This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

As there has been no showing that any of the grounds set forth in Rule 60(d) have been satisfied in this case, the Court finds Brown's request for relief under this Rule should be denied. The Court additionally finds, that because there is no basis for vacating the Final Judgment that was entered in this case, this civil action will remain closed. As such, Brown's requests for judgment on the pleadings, summary adjudication on liability, and for injunctive relief, will all be dismissed as moot.


**B.  Motions of Defendants**

Both Dow Chemical and ICR have moved for sanctions against Brown under Rule 11(c) of the Federal Rules of Civil Procedure. Under this Rule, a court may impose monetary sanctions, including an award of attorneys' fees, against a party that has violated Rule 11(b).  <u>See</u> FED. R. CIV. P. 11(c)(1)(providing: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any ... party that violated the rule or is responsible for the violation."). Rule 11(b), in turn, provides:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose,

such as to harass, cause unnecessary delay, or needlessly
increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are
warranted by existing law or by a nonfrivolous argument
for extending, modifying, or reversing existing law or
for establishing new law;

(3) the factual contentions have evidentiary support or,
if specifically so identified, will likely have
evidentiary support after a reasonable opportunity for
further investigation or discovery; and

(4) the denials of factual contentions are warranted on
the evidence or, if specifically so identified, are
reasonably based on belief or a lack of information.

The Court finds that Brown, by filing his recent
Applications/Motions to Set Aside Final Judgment and for Injunctive
Relief, has violated Rule 11(b).  A review of the Docket in this
Civil Action shows that Final Judgment was entered on October 30,
2009.  Thereafter, Brown filed two motions seeking to have the
Final Judgment either altered or vacated, both of which were
denied.  See Mot. to Alter Jud. [Docket No. 55], denied by Order
[Docket No. 71]; Mot. for Relief from Jud. [Docket No. 74], denied
by Order [Docket No. 78].  The decisions of this Court were
affirmed on appeal.  See Brown, 480 F. App'x 753.

In his current Motions, Brown raises the same arguments that
were previously raised, considered, and found to lack merit by both
this Court and the Fifth Circuit.  As the arguments raised by Brown
in his recent Motions have already been considered and found
lacking by the courts, the Court finds Brown's Motions: (1) do not
present claims that are warranted by existing law; (2) have

needlessly increased the cost of this litigation; and (3) have needlessly caused the Court to expend judicial resources on deciding meritless pleadings. Thus, the Court finds that Brown has violated Rule 11, and that sanctions should be imposed under that Rule. In imposing sanctions, the Court is mindful that it must "carefully choose sanctions that foster the appropriate purpose of the rule, depending upon the parties, the violation, and the nature of the case." Thomas v. Capital Sec. Servs. Inc., 836 F.2d 866, 877 (5th Cir. 1988). Having considered the purposes of Rule 11, which requires that sanctions "be limited to what suffices to deter repetition of the [offending] conduct", in conjunction with the procedural history of this case, the Court finds that the appropriate sanction is to bar Brown from filing any additional motion, application, or any other pleading in this case unless the pleading is accompanied by advance written permission by a district or magistrate judge granting leave to file that pleading.[2] Having so found, the Court will grant the Motions of Defendants for Sanctions, to the extent the Motions seek to enjoin Brown from filing any additional pleadings in this case.

_____

[2] Both Dow Chemical and IRC request that Brown be barred from filing any additional pleadings in any of the cases he has filed against them in federal court. This Court is reluctant to issue such a broad sanction because there are already motions pending in at least one of the other cases Brown has filed, and imposing a broad sanction may interfere with the briefing and/or deciding of those motions. See e.g. Brown v. The Dow Chem. Co., Civil Action No. 3:13-cv-359-CWR-FKB (S.D. Miss.)(showing, on review, that three Motions are currently pending in that case).

### III.   Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Notice of Application and Application to Set Aside Final Judgment; For Judgment on the Pleadings or Summary Adjudication on Liability on it's Merits [Docket No. 88] is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Notice of Application and Application for Injunctive Relief [Docket No. 87] is hereby dismissed as moot.

IT IS FURTHER ORDERED that the Motions of Defendants for Rule 11 Sanctions [Docket Nos. 89 and 94] are hereby granted to the extent that Plaintiff will be barred from filing any other motions, applications, or other pleadings in this civil action without prior approval from a United States District or Magistrate Judge.

IT IS FURTHER ORDERED that Plaintiff, Tyree Brown, is hereby barred from filing any additional motion, application, or any other pleading in this Civil Action unless the pleading is accompanied by advance written permission by a district or magistrate judge granting leave to file that pleading.

SO ORDERED this the 12th day of May, 2015.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

11